```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION
```

CHANEL, INC., a New
York Corporation                                            PLAINTIFF

          v.        Civil No. 07-3021

KIMBERLY H. BROOKS and
MARANDA JACOBIA, a/k/a
MARANDA HALEY, individually and
jointly d/b/a CHICBOUTIQUE4U.COM
d/b/a CHIC BOUTIQUE, and DOES 1-10                          DEFENDANTS

### O R D E R

Now on this 17th day of April, 2008, comes on for consideration **Chanel, Inc.'s Motion For Order Compelling Defendants To Comply With Magistrate Judge Marschewski's Order Regarding Settlement And Request For A Status Conference Regarding Same Or In The Alternative Motion To Schedule Oral Argument On Plaintiff's Motion For Partial Summary Judgment** (document #18).

    1.   Plaintiff's Complaint alleges that defendants have committed trademark counterfeiting and infringement, false designation of origin, and trademark dilution. Defendants are proceeding *pro se*.

    2.   The motion now under consideration alleges that on April 2, 2008, as a result of a settlement conference before United States Magistrate Judge James Marschewski, a settlement of all claims was reached. It further alleges that plaintiff was to provide settlement documents to defendants within 24 hours at their e-mail addresses, and that the defendants were to return

signed copies immediately by fax or e-mail, with originals to follow by mail. Finally, it alleges that while plaintiff complied with this directive, defendants have not returned the signed settlement documents.

Plaintiff seeks to remedy this situation by one of two means:

\* First, it requests that the Court enter an order compelling defendants to comply with their settlement obligations within 24 hours, and to personally appear for a status conference on April 21, 2008.

\* In the alternative, it requests that the Court conduct oral argument on its pending motion for summary judgment on April 21, 2008.

3. The Court recognizes that defendants have not had the usual eleven days to respond to this motion, but finds it necessary to take immediate action, in view of the facts that (a) they were expected to sign the documents in question immediately and (b) this matter is scheduled for trial on April 22, 2008. It also finds that the action taken by this Order is fair and reasonable notwithstanding the lack of response.

4. The Court will commence by noting that a settlement agreement is a binding contract, enforceable by either party. Under Eighth Circuit law, "[t]he district court has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous." **Barry v. Barry**, **172 F.3d 1011, 1013 (8th**

**Cir. 1999).**  The Court sees nothing to be gained by reverting to an earlier stage of the case, pre-settlement, and taking up the Motion For Summary Judgment.  To do so would render the settlement conference and the time and energy devoted to it by all parties a waste of time.

    5.   The Court believes that this matter can be resolved without further ado by the defendants promptly returning the signed settlement documents.  If the originals of those documents are in the hands of plaintiff's counsel by 1:00 p.m. CST on Monday, April 21, 2008, no further action will be taken on the motion now under consideration.

    6.   Should the original settlement documents not be received by plaintiff's counsel by 1:00 p.m. CST on April 21, 2008, plaintiff's counsel is to so advise the Court, and the Court will expect all parties to appear personally before the Court for a hearing on the matter at 9:00 a.m. on Tuesday, April 22, 2008, at the United States Courthouse in Harrison, Arkansas.

    7.   The Clerk of Court is directed to e-mail a copy of this order to Kimberley Brooks at kbrooks0829@yahoo.com and to Maranda Jacobia at mjacobia@yahoo.com.

    **IT IS SO ORDERED.**

                                   **  /s/ Jimm Larry Hendren  **
                                   **JIMM LARRY HENDREN**
                                   **UNITED STATES DISTRICT JUDGE**